UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NORTHEAST TRADING, INC.,                                             Docket No.: 09CV7767 (PGG)

                    Plaintiff,

    -against-

VEN-CO PRODUCE, INC., ROBERT VENUTI,
and ANGELA VENUTI,

                    Defendants.
------------------------------------------------------------------X    **DEFENDANTS ANSWER**
H.C SCHMIEDING PRODUCE CO., INC. and                                   **TO COMPLAINT IN**
E. ARMATA, INC.,                                                       **INTERVENTION**

                  Intervening Plaintiffs,

    -against-

VEN-CO PRODUCE, INC., ROBERT VENUTI,
and ANGELA VENUTI,

                    Defendants.
------------------------------------------------------------------X

      Defendants, VEN-CO PRODUCE, INC. ("Ven-Co"), ROBERT VENUTI and ANGELA VENUTI (collectively "Defendants"), by their attorneys, KREINCES & ROSENBERG, P.C., as for their answer to the allegations made against them in the complaint in intervention, as follows:

      1.    Deny knowledge of information sufficient to form a belief as to the allegations contained in paragraph "1" of the complaint in intervention and respectfully refers questions of law to be resolved by the Court.

      2.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the complaint in intervention.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the complaint in intervention.

5. Admit the allegations contained in paragraph "5" of the complaint in intervention.

6. Deny the allegations contained in paragraph "6" of the complaint in intervention, except admits that they are the officers and directors of defendant, Ven-Co.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the complaint in intervention.

8. Deny the allegations contained in paragraph "8" of the complaint in intervention.

9. Deny the allegations contained in paragraph "9" of the complaint in intervention.

10. Deny the allegations contained in paragraph "10" of the complaint in intervention.

11. Deny the allegations contained in paragraph "11" of the complaint in intervention.

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the complaint in intervention.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the complaint in intervention.

14. Deny the allegations contained in paragraph "6" of the complaint in intervention.

15. Repeat the denials contained in paragraphs "1" through "14" of this answer as though fully set forth herein.

16. Deny the allegations contained in paragraph "16" of the intervening complaint and respectfully refers all questions of law to be resolved by the Court.

17. Repeat the denials contained in paragraphs "1" through "17" of this answer as though fully set forth herein.

18. Deny the allegations contained in paragraph "18" of the complaint in intervention.

19. Repeat the denials contained in paragraphs "1" through "19" of this answer as though fully set forth herein.

20. Deny the allegations contained in paragraph "20" of the intervening complaint, except admit that Robert Venuti was an officer and director of defendant.

21. Deny the allegations contained in paragraph "21" of the complaint in intervention.

22. Deny the allegations contained in paragraph "22" of the intervening complaint and respectfully refers all questions of law to be resolved by the Court.

23. Deny the allegations contained in paragraph "23" of the complaint in intervention.

24. Repeat the denials contained in paragraphs "1" through "23" of this answer as though fully set forth herein.

25. Admit the allegations contained in paragraph "25" of the intervening complaint.

26. Deny the allegations contained in paragraph "26" of the intervening complaint.

27. Deny the allegations contained in paragraph "27" of the intervening complaint and respectfully refers all questions of law to be resolved by the Court.

28. Deny the allegations contained in paragraph "28" of the intervening complaint.

29. Repeat the denials contained in paragraphs "1" through "28" of this answer as though fully set forth herein.

30. Deny the allegations contained in paragraph "30" of the intervening complaint.

31. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the intervening complaint.

32. Deny the allegations contained in paragraph "32" of the intervening complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The intervening plaintiffs and the defendants have entered into post-default workout arrangements, or in the alternative the post-default period has been inordinately long and, as such, the intervening plaintiffs have waived their rights under the trust provisions of The Perishable Agricultural Commodities Act, 7 U.S.C. 499(e)( c).

**WHEREFORE**, defendants respectfully demands judgment dismissing the intervening complaint together with the costs and disbursements of this action.

Dated: Westbury, New York
October 28, 2010

Yours, etc.,

KREINCES & ROSENBERG, P.C.

By:_____
LEONARD KREINCES (KR6524)
Attorneys for Defendants
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

TO:

LAW OFFICES OF BRUCE LEVINSON
Att: GREGORY BROWN, ESQ. (GB1977)
Attorneys for Intervening Plaintiffs
747 Third Avenue, Fourth Floor
New York, New York 10017-2803
(212) 750-9898

Z:\kreinces1\WORK\HUNTSPOINT\Ven-Co Produce Inc\adv. Northeast #10-51\intervention.answer.wpd